May it please the Court, John Berridge appearing on behalf of Appellant and Plaintiff Friedrich Koenig. This case is brought by the Appellant seeking to reverse the trial court decision dismissing his efforts to vindicate his interest to effectively exercise his First Amendment right before the Planning Commission of the Town of Yucca Valley. It is our contention that based on California law the Supreme Court case of City of Madison Joint Union School District v. Wisconsin Employment Relations Board and as well as other cases decided by this Court that this is a limited public forum and the right of my client to speak before that limited public forum cannot be censored by packaging up This case doesn't involve really his right to speak before the Commission or the Council. He's allowed to do that. Your issue, if I understand it, is the staff report. Are they required in the staff report to the Commission to contain all of the papers that your client submits? He's allowed to submit them directly himself, is he not? Well, Your Honor, several weeks beforehand, and this is petition rights, several weeks beforehand he gave his report to the staff to be given to the Planning Commission prior to the hearing of June 10th. Other people submitted views, including contrary views to my client, and in fact some of them, including ad hominem attacks on my client, to the staff beforehand. Those were then given to the Planning Commission without 35 pages of supporting material from my client's report. Most of your client's report was contained in the staff report. Certain parts of your client's report, the extra 35 pages that were, I guess, deposition material or whatever other material, was not included in the staff report, and your position, as I gather it, is that the staff report to the Commission must contain everything that your client gives the staff. Yes, Your Argument. Although your client is allowed to give it directly to the Commission himself. Well, our argument is the town's position that he could show up at the hearing and give out his report without hindrance is a less effective and less meaningful right of petition because, as we alleged in the complaint, they don't read anything during the Commission hearing. They probably don't read it before. They don't. Well, but that's not the issue. The issue is we should have the opportunity to have the decision-makers read his report beforehand. But that's not a First Amendment right. So as I understand the district court's view is that your complaint was complaining about the government's speech because it was the staff's speech, staff's report to the council, and the government has the right to say what it wants, just like your client has the right to say what he wants. But the allegations in the complaint are really not talking about his speech once it's embodied in a report by the staff. Well, the complaint, Your Honor, does not allege anything about staff reports. That was the device whereby the town of Yucca Valley took my client's report, and in fact, as we pointed out in the brief, we did not suggest what medium that it should be provided. We gave it to the staff. The report was given to the staff to be given to the planning commissioners. He did not ask for it to be included in the staff report because they then deem this part of the staff report. They then gave themselves the right to censor the material in it. So your claim is that you have a right to have the report, your client's report, submitted to the commission before the hearing. Correct. Where is that in the First Amendment? Well, the— What case? Where does that right come from? Well, in the city of Madison, the Supreme Court held that if a statute of a state creates an open meeting law allowing speech, it is a limited public forum. In this case, the Brown Act requires and allows citizens to be able to directly communicate with the decision makers, and the statute is pretty clear, either before or during the item agenda that is heard at the public hearing. Okay, so he did certainly get that. He got the chance to do it during the hearing. Well, our argument, Your Honor, is that the effectiveness of reading it is— Remember the question I asked you. You have a First Amendment claim. Yes, Your Honor. And your claim, you said, is the right to provide this staff, your report, to the commission before the hearing. Yes, Your Honor. That's your claim. And you were in the middle of explaining to me where that First Amendment right comes from. You were not able to point to a case saying that. You said there's a case that says if you have a state law right that creates a forum, then that creates a First Amendment right, okay? You rely on the Brown Act, but the Brown Act gives a choice. Brown Act says either ahead of time or during the meeting, and you got during the meeting. So where is your First Amendment right? Where does this right come from? Well, the First Amendment right is we exercise the right to communicate directly before. But the Brown Act does not give you a right to communicate before. It says either before or during. Well, I don't think that the Brown Act gives you a binary choice. We did exercise beforehand the right beforehand because we wanted it read. So is it your position that the Brown Act is violated, that the commission says no beforehand? You're going to have to present your case at the hearing? We do believe that there are. I'm asking a question. Yes, Your Honor. Okay, and what do you rely on for that? The statutory text that says that a citizen is allowed to submit material before. Well, let me ask you. The statute compiles a report for the commission. Suppose it doesn't include anybody's positions. They just summarize what they think the issues are and what the positions are. And they tell, look, if you want to appear before the council and explain your own position, you can. But we're going to summarize the various positions and make a recommendation. But they didn't do that. Would that be a violation of the Brown Act? I don't believe so. But our allegation is you can't take his report and then change it by taking out the supporting evidence. Why not? It changes his report. Why not? Well, because he has a right in the limited forum to petition the government. And if the government is going to allow other people to speak, they can't discriminate against him based on his viewpoint. Your client's report was much longer than the others, right? Much longer? Than 35 pages? Than the others. Oh, yes. Yes. Considerably longer. Yes. And your views have been 10,000 pages. They would have had to include that. Well, we weren't 10,000 pages, Your Honor. Did you hear the word if? What if? Did you hear the word if? I said if it had been 10,000 pages, your view, is they had to include the 10,000 pages. Yes, Your Honor. Can I ask you a question? Yes. Are there any, I mean, you weren't granted leave to amend. Did you ask for leave to amend? I do not believe we asked for leave to amend, but I don't remember. Okay. But could you amend this complaint to more clearly state a First Amendment claim? Or is this your only basis for the claim? I do not believe we have any other basis other than alleging, more particularly, that we weren't seeking to have this as part of the staff report. We did allege in the complaint that we weren't asking for a particular medium to give it, but we wanted the same right as all the other 14 people who spoke, 10 of them who were in favor of the project. And they had material that wasn't even relating to the limited forum and attacked my client for things that didn't have anything to do with the project under consideration by the Planning Commission. Maybe they were included because they weren't 95 pages long. Well, they weren't that long. They were nearly as long as yours. Oh, that's correct. I'm looking at the Brown Act here. I just don't see what it is you're relying on. Can you pull the Brown Act and tell me what language you're relying on? I think this is Government Code Section 54954.3. Yes, Your Honor. Or to put that question slightly differently, how do you get around the fact that it says or? Well, the First Amendment. No, first tell Judge Kuczynski what language you're relying on. That's really what I'm trying to get at. Well, the First Amendment. Are you looking at the? Yes, Your Honor. Just tell me what here creates a right to provide this before the meeting. The language of that section says that members of the public, this is 54954.3a, members of the public to directly address. You're starting in the middle of a sentence. Okay. You're starting in the middle of a sentence. Every agenda item for regular meetings shall provide an opportunity for members of the public to directly address the legislative body on any item of interest to the public before or during the legislative body's deliberation of the item. So it's before or during? Well, we did elect before. But it doesn't say it's your election. It just says the agenda shall provide an opportunity to do it either before or during the legislative body. It doesn't say at the time, during the consideration of the item. Where does it say that you have a right to do it before? Do we have a choice? That's your choice. Well, I believe that it is our choice to be able to submit beforehand on our theory that is. I know it's your belief, but your belief doesn't count for anything. You have to have authority. You have to have some reason. This certainly does not say you have a right to do it beforehand. It says people preparing the agenda shall make sure that you have a right either before or during. And you got a right during. How do you see a violation here? Well, Your Honor, I believe that for purposes of the First Amendment, there should be a liberal interpretation to allow freedom of speech and freedom to petition the government. And by having an election that's due beforehand, because of the allegations of our complaint that it is more meaningful. I think we've given you an extra 50% over your time. Thank you, Your Honor. Thank you. And I think you've made your position clear. Counsel? Good morning, Your Honors. May it please the Court, my name is June Aylin, and I am here on behalf of the town of Yucca Valley. Let me try to get to the heart of this. I think we've understood the argument so far, which is what the Brown Act provides and that it says either before or during. What if instead of including 60 pages out of 90 or whatever it is, you had put in your report the statements of all of the opponents and none of the proponents or vice versa? Do you think that would have created a First Amendment issue? I don't believe so, Your Honor. Let me back up slightly and say I think this case can be decided just on the facts of what happened, what Mr. Koenig was allowed to present, was told he could present at the Planning Commission meeting. No, but I'm not asking that. I understand. I'm just trying to see what the effect is. Certainly. From the standpoint of the Brown Act, staff reports actually don't exist. There's nothing in the Brown Act at all about staff reports. They are commonly done. The kind of public participation that the Brown Act is talking about is oral participation. In 54954.3, when there's this discussion of before and after, some cities choose to do all public comment on items on the agenda, items not on the agenda at the beginning of the meeting. Some choose to have a public comment period related to each agenda item. And so that's where the before and after comes in. From the standpoint of the staff report, where the staff is making a recommendation, I believe the staff actually could present only comments as part of its staff report that are in favor of the project and consistent with its recommendation. I will say I've never seen a city do that. None of our clients do that. If they pass along comments with the staff report, they typically pass everything along. Here, the concern was because of a protective order in litigation the city wasn't a party to. The city was concerned about being used as a device to evade that protective order. Because Mr. Koenig was told by the court, sure, you can submit whatever you want to a public agency as part of the process of Mr. Filosi renewing his home occupation permit. What I don't think the court recognized and I don't think the parties to this other litigation recognized was that once it was in the city's hands, it was a public record. Anyone could come in, make a public records request for it, do whatever they wanted with it, post it on the Internet, publish it in any way they desired. And so the town was concerned about being used in that way to get around the protective order. Could that same material not be presented directly to the commission or the council by Mr. Koenig? Interestingly enough, it had already been on April 1st during a meeting where there was nothing on the agenda related to Filosi's home occupation permit. During the public comment period at the beginning of the meeting, which in Yucca Valley is reserved for matters that are within the city's jurisdiction but not on the agenda, Mr. Koenig presented a complete copy of the report to the town council. And so it was available to the town council, which actually is the ultimate decision maker on the permit. I don't mean to dismiss the importance of the planning commission, but the planning commission's decision was appealable to the town council and, in fact, was appealed to the town council. So that material was out there. I'm just really trying to figure out the First Amendment question. It really is one at all. And some of the things you've told us, unfortunately, probably aren't relevant at the motion-to-dismiss stage. I mean, certainly it would be relevant at summary judgment. Well, the fact of the appeal to the town council is part of that. But do you think there would be a First Amendment violation if, in a staff report, it only conveyed one side of the issue? Would that create a First Amendment problem? The staff report is not the only avenue for communicating with the town. There is oral comment at the meeting. There is the option of sending written comments not just to staff but directly to the planning commission members or the town council members. There are other avenues. You don't have to wait for the staff report to submit documents to the planning commission? You don't have to wait for the staff report. You don't have to wait for the item to be on the agenda. It doesn't even have to be something that's on the town's radar to be able to send comments. In fact, a lot of the time, issues with conditions in the city come to a city's attention by the public communicating directly with the council or the planning commission. So these documents that are not included, the 30 pages that are not included in the staff report, could have been transmitted by Mr. Koenig to the planning commission at any time. That's correct. And in fact, they were, and that is reflected in the record in this case. So the only issue is whether they must be included in the staff report. And I think Mr. Koenig's theory is that the staff report itself is a public forum. That does seem to be his theory, although I don't know he's ever stated it quite that way. I think that from that perspective, if we're going to try to look at it that way, Walker versus Sons of Confederate Veterans says that, and this is on page 2250 in that case, a government does not create a public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse. And the staff report isn't discourse really between anyone but the staff and whatever legislative body it is that they're communicating with in the staff report, and the staff report is not required by the Brown Act. In addition, the Walker case goes on to say, in order to ascertain whether a government intended to designate a place that is not traditionally open to assembly and debate as a public forum, the court has looked to the policy and practice of the government and to the nature of the property and its compatibility with expressive activity. What we don't want to do is turn a staff report into essentially something like a blog on a website where you have the staff and the public repeatedly going back and forth. The point is to deliver information to the legislative body, but it is not the only mechanism for doing that. All right. I think we understand your position, unless one of my colleagues has a question. Thank you. Thank you, Your Honor. Thank you. You've used far more than your time. Yes, sir. Thank you both. Thank you both very much. The case is submitted.
judges: Reinhardt, Kozinski, Wardlaw